OPINION
PER CURIAM.
Isan Contant appeals from an order of the United States District Court for the Middle District of Pennsylvania, which denied his petition for a writ of habeas corpus.
Contant is a citizen of Trinidad and Tobago. He entered the United States in 2004 on a tourist visa, and stayed longer than permitted. In October 2007, he was convicted and sentenced to one year imprisonment and two years probation for criminal possession of cocaine in New York.[1] In December 2007, the Department of Homeland Security charged Contant with being removable because he had overstayed his visa. Contant was taken into custody on March 7, 2008 and was ordered detained without bond.
On May 20, 2008, an Immigration Judge (IJ) conducted a redetermination hearing and denied Contant release on bond. Contant appealed, and the BIA affirmed on July 16, 2008, finding that Contant had failed to demonstrate that he was not a danger to the community.
*694 Contant filed an 1-360 visa self-petition under the Violence Against Women Act, and was issued a notice on June 27, 2008 that he was prima facie eligible for relief under the Act.[2] However, the Acting Director of the Vermont Service Center also informed him by letter of the same date that “a decision on your petition has been delayed” and that it could give him “no definite time frame for when your petition will be adjudicated.”
Contant filed the instant habeas petition pursuant to 28 U.S.C. § 2241 in October 2008, claiming that his indefinite detention without review was unreasonable and violated his right to due process. Contant then had a removal hearing on November 18, 2008, but the IJ continued the hearing pending a decision on the 1-360 petition. While the habeas petition was pending, the IJ, in a December 2, 2008 decision, again reiterated that Contant was a danger to the community, and observed that the pending 1-360 petition did not represent a changed circumstance warranting redetermination of bond. The District Court denied Contant’s habeas petition on February 20, 2009, 2009 WL 427244, and Contant filed a timely notice of appeal.[3]
Where the district court denied habeas relief without an evidentiary hearing, our review is plenary. Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir.2004). The District Court held, and the parties agree, that the authority for Contant’s detention is 8 U.S.C. § 1226(a). That statute provides that “an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States,” and authorizes the Attorney General to continue to detain the alien, release the alien on bond, or release the alien on parole. Id.
As the District Court noted, neither Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), nor Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), directly applies here. Zadvydas concerned the prolonged detention of aliens subject to a final order of removal. Those aliens are detained pursuant to 8 U.S.C. § 1231(a)(6), which authorizes post-removal-period detention. The Supreme Court held that this statute, when “read in light of the Constitution’s demands, limits an alien’s post-removal-period detention to a period reasonably necessary to bring about that alien’s removal from the United States,” and thus does not “permit indefinite detention.” Zadvydas, 533 U.S. at 689, 121 S.Ct. 2491. The Supreme Court determined that six months was a presumptively reasonable period of detention, and held that an alien must be released after that time if he could show that there was no significant likelihood of his removal in the reasonably foreseeable future. Id. at 701, 121 S.Ct. 2491.
Unlike the petitioners in Zadvydas, Contant is being detained “pending a decision on whether [he] is to be removed from the United States,” 8 U.S.C. § 1226(a). See Zadvydas, 533 U.S. at 697, 121 S.Ct. 2491 (noting that “post-removal-period detention, unlike detention pending a determination of removability ... has no obvious termination point”). Moreover, there is no indication that Contant cannot be deported to Trinidad and Tobago following an unfavorable removability decision. See id. at 699, 121 S.Ct. 2491 (removal was not *695 reasonably foreseeable because the United States lacked an extradition treaty with the deportees’ home countries, and no other country would accept them). Rather, Contant’s removal proceedings were continued — at his own request — while his visa petition was pending. According to the Government, Contant’s visa petition has now been denied and his removal proceedings can proceed. Accordingly, although we cannot say exactly when Contant’s removal proceedings will be completed, Contant does not find himself in a “removable-but-unremovable limbo” similar to the petitioners in Zadvydas. Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 347, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).
As the District Court correctly noted, Contant’s situation is more similar to that faced by the petitioner in Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir.2008), who was detained for over three years while seeking administrative and judicial review of his removal order. The Ninth Circuit determined that the detention was authorized by § 1226(a), which the Court construed, consistent with Zadvydas, as limiting the Attorney General’s detention authority to the period “reasonably necessary” to effectuate the alien’s removal. Id. at 1063. Although it acknowledged there was “some degree of uncertainty as to when [the] detention [would] conclude” and that the petitioner’s “removal ha[d] certainly been delayed by his pursuit of judicial review,” the Court held that the detention was not indefinite because the petitioner “remain[ed] capable of being removed — even if it ha[d] not yet finally been determined that he should be removed.” Id. at 1065 (emphasis in original). Similarly, although Contant has been detained for a lengthy period of time — as of this writing, approximately nineteen months — he remains capable of being removed, and a decision on his removability appears likely in the reasonably foreseeable future.
Kim involved an alien detained during the pendency of removal proceedings pursuant to 8 U.S.C. § 1226(c), which provides for mandatory detention of certain criminal aliens. The petitioner in Kim argued that § 1226(c) violated his due process rights because it did not require the INS to determine that he posed either a danger to society or a flight risk. Id. at 514, 123 S.Ct. 1708. The Supreme Court held that the mandatory detention without an individualized determination was constitutionally permissible. 538 U.S. at 531, 123 S.Ct. 1708. In reaching that conclusion, the Court emphasized the short period of time that most aliens are detained pursuant to § 1226(c), noting that in 85% of cases the alien’s removal proceedings were completed in an average time of 47 days. Id. at 529, 123 S.Ct. 1708.
To the extent Contant relies on Kim to contrast his lengthy detention with the average detention period for persons detained pursuant to § 1226(c), that comparison is inapposite. Unlike the mandatory detention statute at issue in Kim, § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien’s request for bond redetermination where the alien has shown that his “circumstances have changed materially since the prior bond redetermination.” 8 C.F.R. § 1003.19(e). The alien may appeal the IJ’s bond decision to the BIA. 8 C.F.R. § 236.1(d)(3). Contant was afforded the review provided by these regulations. *696 Moreover, like the petitioner in Kim, Contant’s unusually lengthy period of detention pending a decision on his removability is attributable to his own request for a continuance. See Kim, 538 U.S. at 530, 123 S.Ct. 1708 (noting that petitioner’s detention period of 6 months, which was longer than the average period of 47 days, was due to his own request for a continuance of his removal hearing).
In sum, Contant’s detention is not “indefinite,” as there is no indication that he could not be removed to Trinidad and Tobago if he is ordered removed, and the end of his detention is reasonably foreseeable; i.e., at the conclusion of his removal proceedings. We will therefore affirm the District Court’s judgment.[4]

. The latest information in the record is that the conviction is still on direct appeal.

. Content's visa petition apparently alleged that he had been subjected to battery or extreme cruelty by his U.S.-citizen spouse.

. Contant also filed a motion for reconsideration in the District Court, which was denied on April 27, 2009. As Contant did not file a notice of appeal of that decision, it is not before us. Fed. R.App. P. 4(a)(4)(B)(ii).

. Contant's motion to expedite is granted; his motion for release on bail pending appeal is denied.