**ALD-242**                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2852
_____

IN RE: ISAN CONTANT,

                                   Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-cv-00001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2010

Before:  SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 19, 2010 )
_____

OPINION
_____

PER CURIAM

Isan Contant is a native of Trinidad and Tobago whom the Government charged as

removable in December 2007.  He entered into the custody of the United States in March

2008 after serving a term of imprisonment for a controlled substance violation.  Several

times, Contant has sought release on bond, without success.

In October 2008, Contant filed a habeas petition pursuant to 28 U.S.C. § 2241,

claiming that his indefinite detention without review was unreasonable and violated his right

to due process. The District Court denied the petition, and we affirmed the District Court's decision. See Contant v. Holder, 352 F. App'x 692 (3d Cir. 2009), *cert. denied,* 2010 U.S. LEXIS 4802 (U.S. June 14, 2010). To summarize, we explained that Contant's detention, authorized by 8 U.S.C. § 1226(a), was not indefinite, as there was no indication that he could not be removed to his homeland if ordered removed and the end of it – at the conclusion of his removal proceedings – was reasonably foreseeable. 352 F. App'x at 694 & 696.

In January 2010, Contant filed another habeas petition pursuant to 28 U.S.C. § 2241, again challenging his continued detention pending the conclusion of his removal proceedings. The District Court promptly ordered the Government to respond to the petition, which it did. In March 2010, Contant filed a reply and a motion to expedite the adjudication of his petition.

In late June 2010, with his petition and motion to expedite still pending, Contant filed a petition for writ of mandamus in this Court. He asks us to order the District Court "to act upon his request for habeas relief," or, alternatively, "order the [D]istrict [C]ourt not to defer adjudicating the case." Mandamus Petition 1.

We will deny Contant's petition for a writ of mandamus. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). Although an appellate court

2

may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), a writ of mandamus is not appropriate here. Some time has passed since the filing of Contant's most recent habeas petition, and a delay in ruling on it could become a matter of concern, see id. (noting that a seven-month delay in adjudicating a habeas petition may be "of concern"). However, under the circumstances, and despite Contant's argument to the contrary, the delay does not amount to a failure to exercise jurisdiction at this point. Furthermore, we are confident that the District Court will expeditiously rule on Contant's petition.[1]

For these reasons, we will deny Contant's mandamus petition. Our denial is without prejudice to his filing another petition in the event that the District Court does not take action within a reasonable time from the date of this judgment.

---

[1] We express no opinion on its merits or the merits of the arguments the Government raised in its response to the petition.